In the matter of KMM CORP., a Florida Corporation, a/k/a Deerfield Medical Lab., Debtor.

A. W. BECK, Trustee, Plaintiff,

v.

Jean M. ROBB, Defendant.

Bankruptcy No. 80–00886–BKC–SMW.

Adv. No. 81–0308–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

Aug. 28, 1981.

Chad P. Pugatch, Ft. Lauderdale, Fla., for plaintiff.

Jack A. Jensen, Deerfield Beach, Fla., for defendant.

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE coming on to be heard upon an adversary proceeding pursuant to Part VII of the Interim Bankruptcy Rules and 11 U.S.C. § 542 seeking damages for the conversion by the Defendant, JEAN M. ROBB, of certain property and equipment owned by the Debtor, and the Court, having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel; and, being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

In May of 1977, the Defendant, pursuant to a signed Bill of Sale with an attached list of inventory property, sold the property in question to the Debtor. The Debtor/Lessee entered into a Lease Agreement with the Defendant/Lessor (the Defendant's husband was a co-lessor), the term of which commenced on November 25, 1978, and expired on January 24, 1980. Under the terms of this lease, monthly rent was due until the 24th day of the succeeding month. Testimony revealed the existence of a purported second lease commencing on October 24, 1978, and expiring on October 23, 1980, however, this second lease was of no legal effect as it was never signed by the Debtor/Lessee. The unequivocal testimony of both the Debtor and the Defendant was that the rent for January of 1980, has been paid by the Debtor and accepted by the Defendant. Late in February of 1980, the Debtor was locked out of the leased premises by the Defendant/Lessor. The testimony established that the Debtor never recovered the property in question from the business premises and the Defendant is presently unaware of its whereabouts or disposition.

It is clear that the only effective lease in this case expired on January 24, 1980. The Debtor had satisfied his rental obligation under this lease. Therefore, for the point in time the Debtor continued to occupy the premises after January 24, 1980, up through and until the point in time when the Defendant locked the Debtor out of the premises, the Debtor and Defendant had implicitly entered into a month to month tenancy. Fla.Stat. § 83.01. To terminate this tenancy, the Defendant was required to give the Debtor fifteen (15) days' notice. Fla.Stat. § 83.03. The testimony was clear that the Defendant failed to give the Debtor such notice. Hence, it is clear that the Defendant wrongfully evicted the Debtor from the leased premises depriving the Debtor of its personal property and entitling the Debtor to damages for breach of the lease and wrongful eviction. See *Vines v. Emerald Equipment Co.*, 342 So.2d 137 (Fla. 1st D.C.A. 1977).

Furthermore, and equally essential to the disposition of this case, is Section 545(3) and (4) of the Bankruptcy Code which states as follows:

> "The Trustee may avoid the fixing of a statutory lien on the property of the Debtor to the extent that such lien . . . . is for rent; or . . . (4) is a lien of distress for rent."

Even if the Defendant, Landlord was entitled to rent for the period of time in February that the Debtor occupied the premises, the taking of the personal property in satisfaction of any purported Landlord's lien under Fla.Stat. § 83.08(3) is voidable by the Trustee in this action. Accordingly, the taking of this property amounts to nothing more than a preferential, involuntary transfer to a general unsecured creditor which is voidable under 11 U.S.C. § 547. All of the elements of this section have been met.

The only testimony concerning the value of the personal property taken by the Defendant is that set forth on the exhibit to

the Bill of Sale which was admitted into evidence. The Bill of Sale established a value of FIVE THOUSAND EIGHT HUNDRED SEVENTY–NINE DOLLARS AND 15/100 ($5,879.15) which was uncontroverted by the Defendant. The Defendant being presently unaware of the location of said personal property, the Plaintiff, Trustee is entitled to judgment against the Defendant, JEAN M. ROBB, in the sum of FIVE THOUSAND EIGHT HUNDRED SEVENTY–NINE DOLLARS AND 15/100 ($5,879.15). A Final Judgment will be entered in accordance with these findings and conclusions.