## JOHN LOOMIS v. DANIEL LINCOLN.

### *Lien. Demand.*

When A. hired a piece of land of B. for which he was to pay B. a certain price per acre for the use of the land that season and the stalks after the corn was harvested, it was held, that B. had no *lien* upon the corn for the payment of the price agreed upon, and that B. was a wrong-doer in taking the corn, hence no demand was necessary before suit brought.

TROVER for a quantity of corn. The case was referred under rule of court, and the referees reported substantially the following facts.

That sometime in the sping of 1849, the plaintiff and one John Dow hired of the defendant for a certain price per acre, three or four acres of land to be planted to corn, and the defendant was to have the stalks. The plaintiff and said Dow divided the land equally between them, with the understanding that each should plant, cultivate and harvest his own portion of said division. The said Dow went on, cultivated, harvested and paid the defendant for the use of the same according to the price agreed upon. The plaintiff proceeded to do the same, and commenced by himself or agents, to harvest the corn, and after harvesting a small portion of it, the defendant went on to the land and harvested the remainder, claiming to have a *lien* on the same, and still retains the same in his possession. The referees found that there was no express agreement between the parties, by which the defendant was entitled to a *lien* upon the corn for the use of the land. The defendant contended that as he, by the agreement, was to have the stalks, they were tenants in common of the standing corn, and also that a demand was necessary before suit. The referees found the defendant guilty. The county court, December term, 1851,— PIERPOINT, J., presiding, — rendered judgment upon the report for the plaintiff. Exceptions by the defendant.

XXIV.		11

*Geo. W. Grandy* for defendant.

We say that no tort has been committed in obtaining possession of the property sued for. And it appears by the report, that the corn is still in possession of the defendant, and that no *demand* has been made for it.

To entitle the plaintiff to maintain his action of trover, he must of course prove either a *tortious* taking, or a *conversion* of the property. In this case the report shows neither.

*J. Prout* for plaintiff.

1. No *lien* exists upon the facts reported. *Cummings* v. *Harris*, 3 Vt. 244. *Bendict* v. *Murray*, 3 Vt. 302. *Chase* v. *Wertman*, 5 M. and S. 180.

2. Neither were the parties tenants in common of the crop in question; the defendant had no interest in it, nor in any portion of it, and consequently no right to sever it. *Hurd* v. *Darling*, 14 Vt. 214. *Aiken* v. *Smith*, 21 Vt. 173.

The opinion of the court was delivered by

ISHAM, J. From an examination of this case, we think the judgment of the county court must be affirmed. The defendant under his contract with the plaintiff had no title to the crops grown upon the ground either in severalty or as tenant in common. The plaintiff was to give the defendant a certain price per acre for the use of the land .that season, and the stalks after the corn was harvested. But until the corn was harvested and the stocks delivered, the matter rested in contract, and for which, in case of non-delivery, an action would lie. Before delivery the plaintiff was the only person who had that interest in the stalks that would enable one to sustain trover for their conversion. The defendant, therefore, in entering upon the land and taking possession of the corn was a wrong-doer, and still so remains in retaining the possession of the same from the plaintiff. The referees have found that the corn was taken by the defendant under a supposed lien for the payment of his claim, and that he under the same idea still retains it, as he refused to deliver it to one Crampton who had negotiated for the purchase of this property of the plaintiff, as he did not know at that time the exact amount of his debt. Such a lien does not exist, unless such was the contract between the plaintiff and the defendant.

Batty *v.* Duxbury.

The existence of this lien has not been contended for in argument. But it is urged that there should have been a demand before suit brought. As, however, the defendant was a wrong-doer in the original taking, no demand was necessary. The illegal taking of this property was a conversion, for which this action will lie.