**In re FURNITURE DISCOUNT STORES, INC., Debtor.**

**Jack P. DRISKILL, Trustee, Plaintiff,**

v.

**HUTCHINSON, HUTCHINSON AND HUDGINS, Defendant.**

Bankruptcy No. 580–00025.
Adv. No. 580–0065.

United States Bankruptcy Court,
N. D. Texas,
Lubbock Division.

Dec. 18, 1980.

Robert B. Wilson, Lubbock, Tex., for debtor-defendant.

Karl Clifford, Lubbock, Tex., for plaintiff.

Jack P. Driskill, Trustee.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

The trustee in bankruptcy gave notice of intention to sell at public auction personal property in the bankruptcy estate, consisting primarily of inventory of debtor's furniture store and office equipment and machines. Hutchinson, Hutchinson and Hudgins, a partnership which is the owner of the premises in which the furniture sales operation had been conducted, filed objections to the proposed sale and filed, also, a proof of claim asserting a security interest in that inventory and equipment which the trustee intended to sell. The trustee, in turn, objected to the claim of security interest, contending that the only bases for claim of security are avoidable landlord's liens.

With one exception there appears to be no substantial controversy concerning the facts. On October 1, 1977, Hutchinson, Hutchinson and Hudgins, as lessor, entered into a five year lease agreement with Veda Bradshaw as lessee, whereby Ms. Bradshaw leased the premises at 1801 Broadway in Lubbock, Texas, for the purpose of conducting a retail furniture, appliance, and gift store, paying as rental under the lease the sum of $500.00 per month. The lease agreement contained among other provisions the following:

"The lessor shall have a lien as security for the rent aforesaid upon all the goods, wares, chattels, implements, fixtures, furniture, tools and other personal property which are or may be put on the demised premises."

The only dispute among the parties is the identity of the one who actually conducted the furniture business at 1801 Broadway in Lubbock, Texas. The trustee contends that the business was conducted by Furniture Discount Stores, Inc., a corporation which Veda Bradshaw had formed. The landlord opposes that contention and contends that, as far as it knew, the business was conducted by Veda Bradshaw, individually, with whom it had its lease agreement. Under the circumstances of this case, I conclude that the issue as to whether Veda Bradshaw conducted the business, individually, or whether it was conducted by the corporation which she formed is not material. For the purposes of this order if landlord's liens existed which the trustee cannot avoid they existed against those assets presently on the premises, regardless of the form under which the business was conducted.

The contracted rentals were paid through June, 1979, but the July 1, 1979, payment and all payments subsequently falling due have not been paid.

On January 30, 1980, the landlord filed Notice of Landlord's Lien in the Landlord's Liens Records of Lubbock County, Texas. The filing of that notice is not particularly material to any issue presently before the court, because that notice impressed a lien against fixtures and there are few, if any, fixtures involved in the present litigation.

On January 28, 1980, the attorney for the landlord sent by certified mail a demand to pay the current rental delinquency of $3,500.00 within ten days from the date of the letter or the lease would be deemed forfeited. The rentals were not brought current. On February 8, 1980, the landlord padlocked all entrances to the building at 1801 Broadway in Lubbock and posted a notice on the front entrance reflecting that the building had been locked under the authority of the owners of the building and that no one was permitted to enter the building without first obtaining written permission from the landlord or its legal representative.

Veda Bradshaw filed an individual petition in bankruptcy and Furniture Discount Stores, Inc., filed a voluntary petition in bankruptcy on April 1, 1980. The attorney for the landlord had retained all keys to the padlocks from February 8, 1980 until May 8, 1980, when he delivered the keys to the trustee in order that an inventory of contents could be taken of the contents. Entitlement to those contents is the subject of this adversary proceeding.

■ The statutory lien for rent provided by V.A.T.S. § 5238 and any common law for rent are avoidable by virtue of the provisions of 11 U.S.C. § 545. That provision provides that the trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien is for rent or to the extent that it is a lien of distress for rent. The legislative history reflects that, according to both the House Reports and the Senate Reports, the trustee may avoid a transfer of a lien under this section even if the lien has been enforced by sale before the commencement of the case. Therefore, the fact that the landlord had taken possession prior to entry of the order for relief does not alter the fact that the statutory lien for rent and the common law lien of distress for rent are avoidable by the trustee.

The landlord has advanced a rather novel argument, however. He contends that although the statutory lien and the common law lien are avoidable under § 545 they cannot be ignored, because they coexist with the contractual lien reserved in the lease contract. He argues that for the purposes of resolution of the issue of "improvement of position" under § 547(c)(5) there has in fact been no improvement of position, because the statutory lien and the common law lien merely become the contractual lien. In other words, the contractual lien, the statutory lien and the common law lien simultaneously existed at all times, the statutory lien and the common law lien are valid and viable liens until they are avoided, the rights under those liens enure to the benefit of the contractual lien and thus there has been no improvement in position.

■ That argument ignores the fact that there has been no perfection of the contractual lien against the trustee. A contractual lien is perfected only by timely compliance with the filing requirements of Article 9 of the Uniform Commercial Code. *Bank of North America v. Kruger*, 551 S.W.2d 63, 65 (Tex.Civ.App.1977, N.R.E.). The contractual lien may not be perfected by possession. The landlord cannot rely on possession as perfecting his common law lien or his statutory lien, because the avoidance of those liens by the trustee prevents their use for any purpose, including that use urged by the landlord.

I conclude that the contractual, statutory and common law landlord's liens are avoidable by the trustee and that the interests of the trustee in and to the contents of the building are superior to those of the landlord.

LET JUDGMENT BE ENTERED AC-CORDINGLY.

The clerk is directed to file this order and to furnish a copy of the order to each attorney of record.