In re Beverly A. BARBE, Debtor.

Beverly A. BARBE, Plaintiff,

v.

The COMMONWEALTH OF PENNSYL-VANIA DEPARTMENT OF LABOR & INDUSTRY, Defendant.

Bankruptcy No. 1–82–00007.
Adv. No. 1–82–0302.

United States Bankruptcy Court,
M.D. Pennsylvania.

Nov. 15, 1982.

Kenneth A. Wise, Pauline, Rourke & Wise, Harrisburg, Pa., for plaintiff.

Karen Durkin, Asst. Chief Counsel, Harrisburg, Pa., for defendant.

## MEMORANDUM AND ORDER

## LIEN AVOIDANCE

ROBERT J. WOODSIDE, Bankruptcy Judge.

The debtor commenced an adversary proceeding pursuant to 11 U.S.C. § 522(f) to avoid a lien against her home as it impairs the homestead exemption that she has claimed in her Chapter 13 statement. The debtor motioned and the defendant cross-motioned for judgment on the pleadings and we hereby grant the debtor's motion and deny the cross-motion of defendant.

On January 7, 1982, the debtor filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code. Defendant filed a lien entered on March 3, 1981, and docketed at No. 877 N. 1981 with the Prothonotary of Dauphin County. The lien was obtained after the defendant had determined that the debtor had received overpayments of unemployment compensation benefits to which she was not entitled.

The issue presented is whether the debtor can avoid this lien as a judgment lien pursuant to section 522(f) of the Bankruptcy Code to the extent it impairs the debtor's homestead exemption. The defendant contends that its encumbrance is a statutory lien and thus not subject to avoidance under section 522(f). The Bankruptcy Code defines the terms "judicial lien" and "statutory lien" respectively as follows:

A " 'judicial lien' means (a) lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(27), and a " 'statutory lien' (is a) lien arising solely by force of a statute on specified circumstance or condition, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute."

11 U.S.C. § 101(38). To determine whether the defendant's lien is a judicial or statutory lien we must examine the Pennsylvania statutes pertaining to unemployment compensation.

The debtor was found liable by the defendant to repay overpayments of unemployment compensation under section 804(a) of the Pennsylvania Unemployment Compensation Law, 43 P.S. 874(a). Section 804(a) empowers the defendant to collect those overpayments by several methods of which the defendant chose section 308.1 of the Pennsylvania Unemployment Compensation Law providing in pertinent part as follows:

> (a) *All contributions and the interest and penalties thereon due and payable by an employer* under the provisions of this act *shall be a lien upon the franchises and property, both real and personal, including after-acquired property of the employer liable therefore and attach thereto from the date a lien for such contributions, interest and penalties is entered of record in the manner hereinafter provided.* The lien imposed hereunder shall have priority from the date of such entry of record and shall be fully paid and satisfied out of the proceeds of any judicial sale of property subject thereto before any other obligation, judgment, claim, lien or estate to which said property may subsequently become subject except costs of the sale and of the writ upon which the sale was made and real estate taxes and municipal claims against such property but shall be subordinate to mortgages and other liens existing and duly recorded or entered of record prior to the recording of the tax lien. In the case of a judicial sale of property subject to a lien imposed hereunder upon a lien or claim over which the lien imposed hereunder has priority as aforesaid such sale shall discharge the lien imposed hereunder to the extent only that the proceeds are applied to its payment and such lien shall continue in full force and effect as to the balance remaining unpaid.
>
> (b) The department may at any time transmit to the prothonotaries of the respective counties of the Commonwealth, to be by them entered of record and indexed as judgments are now indexed, certified copies of all liens imposed hereunder upon which record it shall be lawful for writs of execution to be directly issued without the issuance and prosecution to judgment of writs of scire facias: Provided, that not less than ten (10) days before the issuance of any execution on the lien, notice of the filing and the effect of the lien shall be sent by registered or certified mail to the employer at his last known post office address. No prothonotary shall require as a condition precedent to the entry of such liens the payment of the costs incident thereto. (Emphasis added)

43 P.S. § 788.1. The defendant argues that its lien arose solely out of the foregoing Pennsylvania statute and therefore is a statutory lien as defined in the Bankruptcy Code. We disagree. The Pennsylvania statute in question fails to create a lien automatically by its own force without resort to judicial process. After determining the debtor had received overpayments, the defendant imposed liability on the debtor for the overpayment "from the date a lien ... (was) entered of record...." 43 P.S. § 788.1(a). A lien arising under the Unemployment Compensation statute is inchoate because the lien exists only after the defendant has performed some processes, no lien arises automatically from the statute. The Pennsylvania Commonwealth Court has said that "(t)he Commonwealth's liens for nonpayment of contributions to the Unemployment Compensation Law attach and become choate at the time of their recording in Prothonotaries' offices." *Almi, Inc. v. Dick Corporation*, 31 Pa.Comm.Ct. 26, 44, 375 A.2d 1343 (1977). The affirmative act of recording, after the defendant's administrative adjudication, of the debtor's liability for overpayment, created a judicial lien. The recording did not merely establish a perfection of the lien or continue its effectiveness.

In conclusion, we hold that the defendant's lien is a judicial lien because it arises out of a judicial process authorized by statute, not automatically and solely by force of the statute. We therefore grant the debtor's motion for judgment on the pleadings and deny the defendant's cross-motion. Ac-

cordingly, we will enter an appropriate order.