**In re M.A.P.P., INC., d/b/a Flickers Horn, d/b/a The Raging Bull, Debtor.**

**Bankruptcy No. 82–00147.**

United States Bankruptcy Court, D. Vermont.

Jan. 5, 1983.

James B. Anderson, Barre, Vt., for Mark Foley.

David D. Robinson, Rutland, Vt., trustee, pro se.

Stephanie A. Lorentz, Rutland, for John Vasievich.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Motion of Mark Foley for Adequate Protection and for a determination of the extent of his alleged secured interest in the Debtor's inventory filed October 12, 1982 came on for hearing, after notice, with the following appearances:

James B. Anderson, Esquire, for Mark Foley, David D. Robinson, Esquire, trustee, pro se, Stephanie A. Lorentz, Esquire, for John Vasievich.

Foley claims a landlord's lien for distress of rent in arrears under which he alleges that he was authorized as a landlord to seize the tenant's personal property on the demised premises. It is his contention that the Debtor as tenant abandoned the premises and that Foley as landlord seized the personal property remaining under the doctrine of distress for rent in arrears.

The personal property seized by Foley as landlord was the inventory of the Debtor which has been sold by the Trustee free and clear of liens with the proceeds held in escrow pending the determination of this Court of the validity and priority of liens which shall attach to the proceeds received from the sale.

The doctrine of distress for rent is defined in 42 Am.Jur.2d 675 § 726 as follows:

"Distress for rent in arrears, whereby the landlord may seize personal property on the demised premises, is one of the oldest, as well as one of the most efficient, of the common-law remedies for the collection of rent. Broadly defined, common-law distress allows the landlord to go upon the demised premises and seize anything that he might there find, as security for rent in arrears, and hold it without sale until the rental is paid."

Landlord Foley, citing *Henderson v. Mayer*, 225 U.S. 631, 32 S.Ct. 699, 56 L.Ed. 1233 (1912) accurately recites the concept of distress for rent in arrears. He also points out that the Vermont Supreme Court has not ruled on the propriety of a landlord distraining the tenant's property for rent in arrears.

The absence of any decision on the point could very well be that the doctrine is not recognized in this state. Such a conclusion would seem logical in view of the following expression of authority in 49 Am.Jur.2d 675 § 726:

"In a number of jurisdictions in this country, distress for rent either has been expressly abolished by statute or is deemed to be impliedly abolished by statutes relating to the general remedies for the recovery of rent."

Vermont has enacted a statute which affords a landlord a remedy for nonpayment of rent and, when invoked, he may obtain a judgment for rent in arrears. 12 V.S.A. 4773. This Court cannot find a case in this jurisdiction where distress for rent in arrears was ever invoked although it is aware of instances where landlords have as a practical matter, without legal justification, seized personal property on the leased premises as security for unpaid rent.

Landlord Foley argues that by virtue of distress he has a security interest in the property sold by the Trustee. Such an interest is in the nature of a lien. However, at common law, a landlord has no lien upon the personal property or crops of his tenant merely by reason of the relationship, and a forcible taking of possession of the tenant's property by the landlord gives the latter no interest in such property. 36 C.J. 479 § 1408; *Loomis v. Lincoln*, 24 Vt. 153 (1852).

This Court is satisfied that Landlord Foley did not obtain a lien or security interest in the property seized by him. Further, even had he obtained a lien of distress for rent, it could be avoided by the trustee in the performance of his official duties. Section 545 of the Bankruptcy Code provides that the trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien is for rent, or is a lien of distress for rent. Subparagraphs (3) and (4).

Although Section 545 refers specifically to statutory liens it has been construed to include common law liens of distress for rent. See 4 Collier 15th Ed. 525–24 as follows:

"Section 545(3) and (4) wholly invalidate statutory liens for rent and liens of distress for rent. These subsections were derived from Section 67c(1)(C) which was amended in 1966 to invalidate statutory liens for rent and every lien of distress for rent. It would seem that the lien which is invalidated by section 545(3) or (4) is the one arising by operation of law as distinguished from a lien created by agreement between lessor and lessee. The latter should not fall within the scope of section 545 since the section is meant only to encompass those liens of a statutory nature that arise as a result of some relationship for the protection of any economic class. Consensual liens, on the other hand, are governed by the trustee's other avoiding powers and if valid thereunder will be entitled to recognition under title 11. However *a common law lien of distress for rent is invalidated even if not provided for by statute.* (Underscoring supplied.)

"As is true under all subsections of section 545, liens for rent and liens of distress for rent are avoidable by the trustee regardless of whether the lien has been enforced by sale prior to the filing of the petition."

That a common law lien of distress for rent is invalidated has been recognized by the Bankruptcy Court in the Western District of Pennsylvania. See *Matter of Allegheny Nursing Service, Inc.*, 17 B.R. 594, 597 (Bkrtcy.W.D.Pa.1982).

Likewise, the definition of statutory lien includes a lien for distress for rent even though it does not arise by force of statute. See § 101(38) of the Bankruptcy Code reading as follows:

"Statutory lien means lien arising solely by force of statute on specified circumstances or conditions, *or lien of distress for rent, whether or not statutory,* but does not include security interest of judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute."

## ORDER

Upon the foregoing,

IT IS ORDERED as follows:

1. The Motion of Mark Foley for adequate protection is DENIED.

2. The property sold by the Trustee for which he received a total sum of $2,125.00 is hereby declared free and clear of any lien or security interest claimed by Foley.