**In re Muriel and Norman MacLURE Debtors.**

**Muriel and Norman MacLURE, Plaintiffs,**

v.

**Vincent J. MASCARO and John H. Lenzen, Defendants.**

**Bankruptcy No. 8400504.**

United States Bankruptcy Court, D. Rhode Island.

June 4, 1985.

John Rao, R.I. Legal Services, Providence, R.I., for debtors.

Douglas H. Smith, Providence, R.I., for defendant, Vincent Mascaro.

**DECISION DETERMINING LANDLORD'S LIEN TO BE JUDICIAL, AND THEREFORE AVOIDABLE UNDER § 522(f)(1)**

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on the debtors' motion to avoid a landlord's lien on their household furniture and furnishings. The debtors are proceeding under § 522(f)(1) which permits the avoidance of a "judicial" lien that impairs an exemption to which they would otherwise have been entitled. At issue is whether the subject lien is judicial, and avoidable, or statutory, and therefore, not avoidable by the debtors. The relevant facts are not in dispute.

The furniture is stored at Consumer's Moving Company in Cranston, where it was delivered by defendant, District Court constable John Lenzen, pursuant to a writ of execution issued against the MacLures after judgment in a trespass and ejectment action. The landlord, Vincent Mascaro, refuses to release the furniture on the ground that, pursuant to R.I.GEN.LAWS § 34–18–9.1, he holds a non-avoidable statutory lien for expenses incurred in evicting the MacLures. The debtors contend that the lien acquired by Mascaro is a judicial lien, avoidable under § 522(f)(1) of the Bankruptcy Code.

To determine whether Mascaro's lien is judicial or statutory, we need to examine the Bankruptcy Code definition of those terms, as well as the state statute, R.I. GEN.LAWS § 34–18–9.1, pertaining to the payment of moving costs for the removal of an evicted tenant's property.

The Bankruptcy Code defines the terms "judicial lien" and "statutory lien," as follows:

"[J]udicial lien" means [a] lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.

11 U.S.C. § 101(30).

"[S]tatutory lien" means [a] lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute.

11 U.S.C. § 101(45).

That a lien is authorized by or dependent upon a statute does not answer the question, for the purpose of lien avoidance, whether that lien is statutory or judicial. Further inquiry is necessary to determine whether the lien is the result of a judicial proceeding. The legislative history is helpful:

The definition [of a statutory lien] excludes judicial liens and security interests, whether or not they are provided for or are dependent on a statute.... A statutory lien is only one that arises *automatically,* and is not based on an agreement to give a lien or on judicial action. Mechanics', materialmen's, and warehousemen's liens are examples. Tax liens are also included in the definition of statutory lien. (emphasis added.)

H.R.Rep. No. 595, 95th Cong., 1st Sess. 314 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 27 (1978), U.S.Code Cong. & Admin.News 5787, 5812, 5813. As Collier distinguishes them:

[A] judicial lien arises by virtue of judicial proceedings in the absence of which there would not be such a lien; yet the statutory lien by definition may arise without any judicial proceeding.

2 *Collier on Bankruptcy,* ¶ 101.46 at 101–81 (15th ed. 1985).

Mascaro claims that his lien is statutory under R.I.GEN.LAWS § 34–18–9.1 which provides:

34–18–9.1. Payment of moving costs for tenant's removed property required.— Whenever the personal property of any tenant is removed from the premises the tenant occupies *by mandate of an execution from the court of competent jurisdiction,* the tenant shall pay the entire amount of the cost of moving such personal property and any prepaid storage charges to the sheriff, constable, or other person who lawfully caused the personal property to be so moved, before the personal property can be released to the tenant by the person, firm, partnership, company, association or corporation having lawful possession thereof. Further, the sheriff, constable or other person who lawfully caused the personal property to be so moved shall prepare and deliver a release in writing stating that the costs of moving and any prepaid storage charges have been paid in full and authorizing the release of the personal property to the tenant. This amount shall be paid to the landlord as reimbursement for the costs of removing the personal property. (emphasis added.)

He also contends that a landlord's lien is similar to those normally regarded as statutory, such as tax liens, mechanics' liens, and warehousemen's liens. Common to all, he argues, "is the rendering of a valuable service by the protected party without the necessity of any Court approval of the lien." Defendant's Memorandum at 4. Finally, he adds, "the mere fact that there may have been some previous litigation between the landlord and tenant concerned does not prevent the Rhode Island legislature from granting ... an additional, automatic statutory lien without the need for judicial involvement." *Id.*

For the following reasons, we disagree with the defendant's characterization of the lien in question as statutory. To begin with, R.I.GEN.LAWS § 34–18–9.1 does not create a lien automatically, without resort to judicial process. To the contrary, and as the debtors correctly observe, "while re-

spondent's lien was authorized by statute, it did not arise automatically. Instead, it was the exercise of a judicial function, [the entry of judgment, after notice and hearing, and], the carrying out of a writ of execution for possession, which created the lien in question.... [T]he imposition of the lien was simply an extension or continuation of the state court eviction proceeding." Debtors' Memorandum at 6.

A review of the development of Rhode Island eviction procedure illustrates the historical connection between the creation of a landlord's lien and the judicial eviction proceeding itself. In Rhode Island prior to 1970, under § 34–18–8 [1] landlords were authorized by statute to use self-help to evict tenants. *Latina v. Burdick*, 113 R.I. 323, 325, 320 A.2d 601, 603 (1974). The landlord would simply re-enter the rented premises and, using force if necessary, take possession of the property without any judicial involvement. In 1970, however, the General Assembly, recognizing the potential harshness of self-help eviction on tenants, specifically prohibited such action by enacting R.I.GEN.LAWS § 34–18–17 and § 34–18–9 to provide landlords with an "orderly and expeditious," but judicially controlled method for regaining possession of property. *Id.*

Under the present Rhode Island procedure, a landlord wishing to evict a tenant must first institute a summary trespass and ejectment action in the state district court. *See* R.I.GEN.LAWS § 34–18–9. If judgment is entered against the tenant, a writ of execution may issue, but only after the expiration of a forty-eight hour appeal period. *Id.* Finally, the execution must be levied within twenty days of its issuance. *Id.* If possession of the premises is not surrendered voluntarily, the sheriff in possession of the writ of execution is authorized to remove the tenants and their property from the premises. Prior thereto, however, the landlord is required to advance to the sheriff the actual costs of removing the tenant's possessions, as well as thirty days' storage costs. *See* R.I.GEN.LAWS § 9–29–9.[2]

To recover property once it has been moved into storage pursuant to a writ of execution, the former tenant is required to deposit the moving and storage costs with the sheriff who carried out the execution. Upon receiving such payment, the sheriff is required to reimburse the landlord and to deliver a written release to the storage company in possession of the tenant's property. R.I.GEN.LAWS § 34–18–9.1.

In the context of the entire eviction process, it is quite clear that the lien in question "arises by virtue of judicial proceedings in the absence of which there would not be such a lien." 2 *Collier on Bankruptcy*, § 101.46, *supra*. It differs considerably from classic mechanics' or warehousemen's liens, which arise automatically, without resort to the judicial process. For example, a mechanics' lien is created by force of statute as soon as the mechanic performs work on the property. *See* R.I. GEN.LAWS § 34–28–1. The mechanic need do nothing further to perfect the lien. In contrast, under § 34–18–9.1, no lien is created unless the property is removed "by mandate of an execution from [a] court of competent jurisdiction." *Cf. Barbe v. Commonwealth of Pa. Dept. of Labor & Industry (In re Barbe)*, 24 B.R. 739, 740 (Bankr.M.D.Pa.1982) (lien to recover unemployment contributions under Pennsylvania statute is nonetheless a judicial lien, because it becomes effective only on the date

---

**1.** General Laws 1956 (1969 Reenactment) § 34–18–8, which was repealed by P.L. 1970, ch. 7, sec. 1, provided: "Right to repossession for delinquency in rent.—If, in any case of letting, whether by writing or parol, the stipulated rent, or any part of the same, be due and in arrears for a period of fifteen (15) days, whether demanded or not, the landlord or reversioner may re-enter and repossess himself of the lands, buildings or parts of buildings let, or recover possession of the same from the tenant, or any person holding under him, discharged from the lease."

**2.** In the present case, defendant Mascaro paid constable Lenzen the moving costs and thirty days' storage fees, which Lenzen then turned over to Consumer's Moving Company, the firm that transported and stored the debtors' property.

it is "entered of record," thereby arising "out of a judicial process authorized by statute, not automatically and solely by force of the statute"). Unlike the mechanic, a landlord does not acquire a lien on the tenant's property from the inception of the contractual relationship. The lien resulting from the constable's compliance with the mandate of a writ of execution is but the final step in a rather technical judicial eviction procedure, which must be rigidly followed by a landlord attempting to regain possession of the rented premises. The lien in question hardly arises automatically or solely by force of statute.

Based on the foregoing discussion, we conclude that the lien on the debtors' property falls squarely within the Code's definition of "judicial lien," i.e. "[a] lien obtained by judgment ... or other legal ... process or proceedings." 11 U.S.C. § 101(30). Because the subject lien is a judicial one which impairs an exemption to which the debtors are entitled, the same may be and is hereby avoided.

Enter Judgment accordingly.