**In re Dale E. BRITTAIN and Angela Wood Brittain d/b/a Chocolates & More, Debtors.**

**INVESTORS/COUNTRY CLUB PLAZA LIMITED PARTNERSHIP 1984–A**

v.

**Keith A. RODRIGUEZ, Trustee, Dale E. Brittain and Angela Wood Brittain.**

**Bankruptcy No. 486–01692–LC–13. Adv. No. 486–0253.**

United States Bankruptcy Court, W.D. Louisiana.

Dec. 18, 1987.

Gerald Casey, Lake Charles, La., for Dale and Angela Brittain.

C. Eston Singletary, Lake Charles, La., for Partnership.

Keith A. Rodriguez, Lafayette, Chapter 13 trustee.

### OPINION

W. DONALD BOE, Jr., Bankruptcy Judge.

This adversary proceeding to determine lien validity was submitted to the Court by consent for a ruling without a hearing based on submitted stipulations of fact.

The debtors, Dale E. Brittain and Angela Wood Brittain, d/b/a Chocolates & More, had leased commercial rental space under a written agreement with Investors/Country Club Plaza Limited Partnership 1984–A ("plaintiff"). The debtors failed to pay rent and other charges owed for May, June, July, and August, 1986. For that period the pre-petition charges total $3,600.00, computed as follows:

| | |
|---|---|
| Rent @ $709.38/mo. | $2,837.52 |
| Late charges on unpaid rent | 567.50 |
| Common area maintenance charges @ $40.62/mo. | 162.48 |
| Late fees on common area maintenance | 32.50 |
| TOTAL | $3,600.00 |

In Lake Charles City Court plaintiff obtained an order for sequestration of movable assets on the leased premises on August 20, 1986, and physical seizure took place on August 21, 1986. On August 22, 1986, debtors filed for relief under Chapter 13 of the Bankruptcy Code.

This Court ordered liquidation of the seized assets on August 29, 1987, and the assets brought $5,636.50 at sale. Plaintiff claims it should be paid from the proceeds for the pre-petition charges secured by a lessor's privilege [1] or lien by sequestration. The trustee contends that either type of

lien is avoidable and that the plaintiff's pre-petition claims are unsecured debt. The Court agrees with the trustee's position.

■ A "statutory lien" in bankruptcy is one "arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory ..." 11 U.S.C. Sec. 101(47). Any statutory lien valid under state law remains valid through bankruptcy unless invalidated by some Bankruptcy Code provision. *Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 556 (5th Cir.1985). A Louisiana lessor's privilege on the lessee's movable effects on leased property, La.Civ. Code arts. 2705 and 3218, is recognized as a statutory lien in bankruptcy. *Gentry v. Bodan*, 347 F.Supp. 367, 374 (W.D.La. 1972).

But the Bankruptcy Code allows the trustee to avoid "a statutory lien on property of the debtor to the extent that such a lien ... is for rent...." 11 U.S.C. Sec. 545(3). Thus this lessor's privilege for rent is properly avoidable by the trustee.

■ Plaintiff also claims it achieved a statutory lien by seizing the property under a writ of sequestration. La.Code Civ. Proc. art. 3511. Plaintiff further contends that Section 547(c)(6) protects such a lien from the trustee's preference avoidance powers.

The Court does not reach the question whether the trustee can avoid a sequestration privilege as a preferential transfer,[2] because plaintiff has not shown that a lien was completed through the sequestration proceeding. The sequestration privilege under Louisiana law involves seizure of the property "under a writ" and takes effect (retroactive to the time of seizure) *only* "if judgment is rendered maintaining the ... sequestration".[3] La.Code Civ.Proc. art.

---

1. For non-Louisiana readers, a landlord's lien.

2. If the Court did reach the question of preference, it would find that the sequestration lien is an obvious preference under section 547(b) and (f) of the Bankruptcy Code, since obtained within 90 days of the bankruptcy filing from a

debtor presumed to be insolvent. *See also* note 3, *infra*.

3. The Court disagrees with plaintiff's characterization of a sequestration privilege as "statutory" and therefore protected from the avoid-

3511. Judgment must be rendered on the main demand of the creditor maintaining the attachment before the lien is perfected. *Geo. H. Jett Drilling Co. v. Tibbits,* 234 F.Supp. 583, 585 (W.D.La.1964). *See also In re McNeely,* 51 B.R. 816, 818–20 (Bankr. D.Ut.1985).

In the proceedings in Lake Charles City Court, plaintiffs obtained a citation and writ of sequestration. A judgment was not obtained. (*See* La.Code of Civ.Proc. art. 4906.) Therefore, no judicial lien under article 3511 was perfected.

Since the statutory lien for rent is avoidable and the judicial lien of sequestration has not been perfected, plaintiff's request for judgment declaring it had a valid privilege and pledge over the movables on the leased premises is denied, and the lessor's lien and the sequestration lien are void.

A judgment is being signed simultaneously with this opinion.

ance powers of the trustee under section 547(c)(6). A sequestration privilege meets the Bankruptcy Code's definition of "judicial lien", i.e., one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding", in contradistinction to a "statutory lien", which arises "solely by force of a statute" and is not based on judicial process. 11 U.S.C. Sec. 101 (32, 47); *see also Turner v. Emmons & Wilson, Inc. (In re Minton Group, Inc.),* 28 B.R. 789, 792 (Bankr.S.D.N.Y.1983). Since the sequestration privilege is judicial and not statutory, section 547(c)(6) would not protect this lien (if perfected) from the avoidance powers of the trustee.