In re: Steve **WENTWORTH**; In re: Ginger Wentworth, Debtors,

Terrence J. Donahue, Trustee, Plaintiff—Appellee,

v.

Gunner, LLC, d.b.a. Coffee Creek Estates Mobile Home Park, Defendant—Appellant.

No. 04–35992.

United States Court of Appeals, Ninth Circuit.

Submitted July 28, 2006.*

Filed Aug. 9, 2006.

Terrence Joseph Donahue, Esq., pro se.

---

* This panel unanimously finds this case suit-

Alexander S. Kleinberg, Eisenhower & Carlson, PLLC, Tacoma, WA, for Trustee, Plaintiff–Appellee.

Nathan Dysart, Olympia, WA, for Defendant–Appellant.

Before: WALLACE, WARDLAW, and FISHER, Circuit Judges.

## MEMORANDUM **

Gunner, LLC appeals the district court's decision affirming the bankruptcy court's order granting Trustee Terrence Donahue's motion for summary judgment; avoiding Gunner's lien on and subsequent purchase of Debtors Steve and Ginger Wentworth's mobile home; and allowing Donahue to recover the value of the mobile home for the bankruptcy estate. Gunner argues that because its lien was enforced at a foreclosure sale before the Wentworths filed for bankruptcy, the bankruptcy court erred in holding that its lien was avoidable as a statutory lien pursuant to 11 U.S.C. § 545. Gunner also contends that because the Wentworths had no equity in the mobile home, which was fully mortgaged to a third party, the bankruptcy court erred in its alternative holding that Gunner's acquisition of the mobile home at the foreclosure sale was avoidable as a preferential transfer pursuant to 11 U.S.C. § 547. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291, and we affirm on the ground that Gunner's lien was avoidable pursuant to § 545.

The bankruptcy and district courts correctly held that Donahue could avoid Gunner's lien, which Gunner concedes was a statutory lien for rent, even though the lien had been enforced by sale prior to the filing of the Wentworths' bankruptcy petition. Although the text of the Bankruptcy Code does not address this issue, § 545's legislative history makes clear that Congress intended it to apply to liens enforced prior to a debtor's filing for bankruptcy. *See* S.Rep. No. 95–989, at 85 (1978) ("The trustee may avoid a lien under [§ 545] even if the lien has been enforced by sale before the commencement of the case."), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5871; H.R.Rep. No. 95–595, at 371 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6327. Gunner cites and we find no contrary authority with respect to a lien enforced through a nonjudicial foreclosure sale, such as occurred here. *See, e.g., In re A & R Wholesale Distrib., Inc.*, 232 B.R. 616, 622 (Bankr.D.N.J.1999); *In re Furniture Disc. Stores, Inc.*, 11 B.R. 5, 7 (Bankr. N.D.Tex.1980); 5 Collier on Bankruptcy ¶ 545.04, at 545–14 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2005). That a third party held a mortgage on the mobile home is irrelevant to the § 545 analysis. Because we affirm based on § 545, we do not reach the bankruptcy court's § 547 holding. *See Cusano v. Klein*, 264 F.3d 936, 950 (9th Cir.2001) ("We may affirm summary judgment ... on any ground supported by the record.").

**AFFIRMED.**

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.