320 A.2d 601.
## JOHN LATINA *vs.* VERA BURDICK.

JUNE 14, 1974.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is a petition for a writ of certiorari to review an order of the District Court denying the motion of the petitioner, John Latina, to assign the cause for trial and granting the respondent, Vera Burdick, seven days in which to propound interrogatories. The motion was filed to assign the cause for trial on July 3, 1973. The petitioner contends that since this action for trespass and ejectment was commenced by a complaint and summons, which was served on the respondent on May 16, 1973, the denial of his motion to assign this cause for trial was contrary to the provisions of G. L. 1956 (1969 Reenactment) §34-18-9, as amended by P. L. 1970, ch. 7, sec. 2.

Under §34-18-9[1] a landlord may recover possession of property leased to a tenant whose rent is in arrears for 15 days by instituting an action for trespass and ejectment.

---

[1]General Laws 1956 (1969 Reenactment) §34-18-9, as amended by P. L. 1970, ch. 7, sec. 2, provides:

"Suits by ejectment and rights to repossession for delinquency in rent.—All suits for possession of lands, buildings or parts of buildings, under the provisions of this chapter shall be by the ordinary process of ejectment or otherwise as provided by law.

"(a) If, in any case of letting, whether by writing or parol, the stipulated rent, or any part of the same, be due and in arrear for a period of fifteen (15) days, whether demanded or not, the landlord or reversioner wishing to repossess himself of the lands, building or parts of buildings let, or recover possession of the same from the tenant, or any person holding under him, shall, without the necessity of notice, institute a trespass and ejectment action in the division of the Rhode Island district court, where the premises are situated.

"For cause shown the justice of the district court may issue a special order providing for the method of service of process upon the defendant.

"Answer to the summons and complaint shall be made within seven (7) days of the service upon the defendant and said action shall be heard on the next court day following said seven (7) day period which hearing shall take precedence on the calendar. If no answer is filed within the time prescribed, judgment shall enter forthwith.

"Any aggrieved party may appeal to the superior court from a judgment of the district court by claiming such appeal in writing filed with the clerk within forty-eight (48) hours, exclusive of Sundays and legal holidays after the judgment is entered.

"All said court actions shall have precedence on the calendar and shall continue to have precedence on the calendar on a day to day basis until the matter is heard.

"Executions shall be issued only to the sheriff of the county where the premises are situated and he or a deputy shall execute the mandates therein contained within twenty (20) days of its issuance. If the sheriff fails to execute said mandates within the said prescribed time, said sheriff shall appear before a justice of the court issuing said execution at the regular session of said court next following said twenty (20) days to show cause why the mandates of said execution have not been carried out.

"All costs including reasonable moving costs incurred by the sheriff in carrying out the mandates of the execution may be added to said execution by the clerk upon approval of the court upon presentment of evidence of said costs."

This section provides that an answer to the summons and complaint should be made within seven days of service, and mandates that the action be heard on the next court day following the seven-day period. Such actions take precedence on the calendar.

The petitioner contends that since the seven-day period had lapsed, it was error to deny his motion to assign this cause for trial. We granted certiorari to resolve the apparent conflict between §34-18-9 and the provisions for discovery in the District Court Rules of Civil Procedure. However, for reasons which will become apparent, this issue is not properly raised by the record.

When we granted certiorari we presumed that petitioner had brought a complaint for trespass and ejectment under §34-18-9. However, the record reveals that the complaint not only sought recovery of possession but also demanded payment of all unpaid rent. In addition, the complaint demanded payment of an evidently entirely unrelated loan of $53. Furthermore, the summons called upon the respondent to answer the complaint not more than 20 days after service. In light of these additional facts, it is our opinion that this is not an action for trespass and ejectment under §34-18-9 but rather is a common-law action for recovery of possession of property by a landlord.

First, the statutory procedure set forth in §34-18-9 lies only to recover possession. Nothing in this section empowers the court to order the payment of back rent. Prior to 1970 under §34-18-8[2] landlords frequently resorted to self-

_____

[2]General Laws 1956 (1969 Reenactment) §34-18-8, which was repealed by P. L. 1970, ch. 7, sec. 1, provided: "Right to repossession for delinquency in rent,—If, in any case of letting. whether by writing or parol, the stipulated rent, or any part of the same, be due and in arrear for a period of fifteen (15) days, whether demanded or not, the landlord or reversioner may re-enter and repossess himself of the lands, buildings or parts of buildings let, or recover possession of the same from the tenant, or any person holding under him, discharged from the lease."

help to recover possession of property when a tenant was in arrears on his rent. However, in 1970 the General Assembly repealed §34-18-8[3] and added §34-18-17,[4] which specifically prohibits a landlord from resorting to self-help. In place of §34-18-8 the General Assembly amended §34-18-9 to provide landlords an orderly and expeditious procedure for recovering possession of property.

[1]    Section 34-18-9 strikes an equitable balance between a landlord's right to regain possession as quickly as possible when a tenant is in arrears of his rent and a tenant's right to remain in possession while he is paying his rent when due. Thus, when the General Assembly amended §34-18-9, it intended to substitute an orderly and expeditious procedure whereby landlords could recover possession by court order rather than resorting to the sometimes abused right to self-help. We conclude, then, that an action under §34-18-9 contemplates recovery of possession only, and landlords who wish to recover possession and back rent along with other claims, such as the repayment of a loan, must bring a common-law action for trespass and ejectment.[5]

Second, the fact that the summons called upon the respondent to answer the complaint within 20 days rather than seven as provided in §34-18-9 clearly indicates that this was a common-law action for trespass and ejectment.

Accordingly, under the discovery provisions of the District Court Rules of Civil Procedure it was not error to

---

[3]*See* P. L. 1970, ch. 7, sec. 1.

[4]General Laws 1956 (1969 Reenactment) §34-18-17, which was assigned by P. L. 1970, ch. 7, sec. 3, provides: "Right of self help prohibited.—The right of a landlord or a reversioner to utilize 'self help,' so-called, whether pursuant to the common law or pursuant to any agreement in writing or by parol, to re-enter and repossess himself of land, buildings or parts of buildings leased upon non-payment of rent is prohibited."

[5]By P. L. 1974, ch. 11, sec. 1, the General Assembly amended §34-18-9 to provide that a landlord may also recover all rent due plus costs.

deny the petitioner's motion to assign this cause for trial and to grant the respondent seven days to propound interrogatories.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the District Court.

*Berberian & Tanenbaum, Aram K. Berberian,* for petitioner.

*Richard Jessup, Jr.,* Rhode Island Legal Services, Inc., for respondent.