Edward N. BROOKS, II in his capacity as Trustee of the Hayfield Family Trust and James B. Hayfield

v.

Elizabeth HILL.

No. 95–166–Appeal.

Supreme Court of Rhode Island.

Nov. 29, 1995.

Evan Kirshenbaum, Allen Kirshenbaum, Warwick.

J. Ronald Fishbien, Providence.

### ORDER

This matter came before a panel of this court on November 21, 1995, pursuant to an order directing the parties to appear and the defendant to show cause why the plaintiffs' motion to dismiss her appeal should not be granted as prayed. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we conclude that cause has not been shown and that the plaintiffs' motion to dismiss should be granted.

Sometime in late 1987 or early 1988, James Hayfield (Hayfield) invited defendant to live with him in his home located in Foster. The relationship between the parties thereafter deteriorated and Hayfield sought to remove defendant from the premises. She refused to leave so he left the premises sometime around August 1991. Hayfield later transferred title to the house to the Hayfield family trust and together with his trustee, Edward N. Brooks, II, brought a trespass and ejectment action in the District Court to remove defendant from the premises pursuant to the Residential Landlord and Tenant Act, G.L.1956 (1994 Reenactment) § 34–18–36, et seq. In the District Court defendant objected to the eviction, contending that she had an ownership interest in the property and that she and Hayfield never had a landlord tenant-relationship. The District Court trial judge rejected defendant's arguments and granted Hayfield possession of the premises and further awarded him rental value at

a rate of $850 per month and back-rent in the amount of $9,876.07.

The defendant appealed to the Superior Court and following a hearing the motion justice found as a fact that defendant had not paid the sum ordered by the District Court. The Superior Court entered judgment on March 21, 1995, denying and dismissing defendant's appeal, awarding plaintiff possession of the premises at issue and past rent in the amount of $9,876.07. Execution was stayed seven days from the time the judgment was entered. Subsequently, on March 23, 1995, the defendant sought a stay of execution pending appeal to this court which was denied by a duty justice of this court.

On appeal defendant argues that the trial justice erred in evicting her because a landlord/tenant relationship never existed between the parties. The defendant further argues that § 34–18–53 is unconstitutional because it has deprived her of due process of the law. Before us is plaintiffs' motion to dismiss defendant's appeal in which they argue that the judgment of the Superior Court dismissing defendant's appeal from the District Court is not properly before this court.

At the outset we note that plaintiff's contention that the Superior Court judgment is not appealable to this court is without merit. This court will review a party's appeal of a Superior Court dismissal of a District Court appeal pursuant to § 34–18–53. *See, Tortolani v. Staradumsky*, 570 A.2d 671 (R.I. 1990). We nonetheless find that the Superior Court motion justice correctly dismissed the defendant's District Court appeal. Section 34–18–53 provides as follows:

> **Dismissal of appeal for nonpayment of rent during pendency of appeals.**—In the event that the tenant shall fail or refuse to pay all such sums promptly when due, in accordance with the provisions of § 34–18–52, the court in which said case is pending, shall, without any trial on the merits, on the motion of the landlord, and after hearing thereon, including satisfactory proof of such nonpayment, enter an order for the entry of judgement [sic] and the issuance of such execution and the prompt service thereof.

The section clearly provides for the dismissal of an appeal upon a showing by the landlord of nonpayment of rent. It is undisputed that defendant has not paid the rent as ordered by the District Court. Accordingly we conclude that the Superior Court motion justice properly dismissed the defendant's District Court appeal. *Id.* at 672; Section 34–18–53. Because we find that the appeal was properly dismissed as a result of the defendant's failure to pay the rent as ordered by the District Court, we do not reach the substantive arguments raised by the defendant in her instant appeal.

Consequently the plaintiffs' motion to dismiss the defendant's appeal is granted, and the Superior Court judgment is affirmed. The papers of the case are remanded to the Superior Court with our decision endorsed thereon.

WEISBERGER, C.J., did not participate.