CHALET NOMINEE TRUST

v.

John RYAN.

No. 94–378–A.

Supreme Court of Rhode Island.

March 13, 1996.

Robert Fine, Jerome Spunt, Providence.

John Ryan, Pro Se.

**ORDER**

This case came before a panel of the Supreme Court for oral argument on January 16, 1996, pursuant to an order that directed John Ryan (Ryan), to show cause why the issues raised by this appeal should not be summarily decided.

After reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the case will be decided at this time.

Ryan purchased a condominium unit located in Newport, Rhode Island in 1983. After he married, Ryan transferred title to his wife who in turn transferred the property to Chalet Nominee Trust (plaintiff) whose sole beneficiary, according to Ryan, is Ryan's wife who filed for divorce in 1992. The plaintiff filed an eviction notice against Ryan in December 1993 to which Ryan responded that the property was subject to a pending divorce action between himself and Mrs. Ryan, that no lease or tenancy existed, that plaintiff had no standing to file the complaint, and that the court therefore "lacked jurisdiction since the true owner of the premises is Jeanne Ryan, not the Plaintiff Trustee, and that all 'rent' had been paid." In August, 1993 Ryan apparently entered into an oral agreement with plaintiff's trustee to pay rent in the amount of $1899.44 per month. These amounts, however, were not paid by Ryan.

Ryan appealed a Superior Court order that granted the motion of the plaintiff to dismiss Ryan's appeal from a Second Division District Court judgment in favor of the plaintiff in the amount of $11,472. The Superior Court justice granted plaintiff's motion to

dismiss after pointing out that Ryan had failed to comply with G.L. 1956 (1995 Reenactment) § 34–18–52, which requires that a tenant, in this case Ryan, shall promptly pay rent during the pendency of an appeal. Ryan argued that his wife had made the required mortgage payments and therefore "rent" was not owed by him. When the trial justice asked Ryan whether rent was owed, Ryan answered "Not for the period from March 15 to February." The trial justice then granted plaintiff's motion to dismiss, stating, "The law says you have to pay it in full while you are taking the appeal."

Ryan's appeal of the Superior Court order was first scheduled to be heard by this court on May 23, 1995, at which time Ryan appeared pro se ipso. Ryan announced that he would rest on his brief and reported that he had filed for bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code. This court's order of June 2, 1995, stayed further proceedings pending the lifting of the automatic stay, provided by 11 U.S.C. § 362, nunc pro tunc in the United States Bankruptcy Court for The District of Massachusetts. A motion for relief from the automatic stay was granted by the Bankruptcy Court, following which action the case was rescheduled for oral argument on January 16, 1996. Ryan failed to appear, but subsequently gave written notice that he would rest on his brief and waive oral argument. Accordingly, we shall proceed to decide the case on the basis of the memoranda submitted by the parties.

Our examination of the record of this case persuades us that the statute is clear in requiring that on appeal "the tenant in such action *shall pay* * * * sums of money equal to rent for such premises." G.L. 1956 (1995 Reenactment) § 34–18–52. (Emphasis added.) Therefore, the trial justice was correct in entering judgment for the plaintiff in accordance with § 34–18–53.

Accordingly, we deny and dismiss Ryan's appeal and remit the papers of the case to the Superior Court.

WEISBERGER, C.J., did not participate.