## Carlo RUSSO

v.

## Joyce FLEETWOOD.

### No. 97–355–Appeal.

Supreme Court of Rhode Island.

June 17, 1998.

Daniel J. Vieira, Providence, Carlo Russo, for Plaintiff.

Steven Fishway, Rebecca Tedford Partington, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on April 6, 1998, pursuant to an order directing the defendant, Joyce Fleetwood (tenant or Fleetwood), to appear and to show cause why this appeal should not be summarily decided. Having heard the arguments of counsel and having reviewed the memoranda of the parties, we are satisfied that cause has not been shown. Accordingly we shall decide the issues raised by the parties at this time.

Fleetwood is a tenant in an apartment belonging to plaintiff, Carlo Russo (landlord). The rent for the apartment is subsidized through a section 8 Housing Assistance Payments Program, which is administered by the East Greenwich Housing Authority. Fleetwood receives as her sole support Supplemental Security Income (SSI) from the United States Social Security Administration.

In January 1997 landlord commenced an eviction action against Fleetwood in the Third Division District Court based upon her failure to pay December's rent. Fleetwood, however, maintained that because of landlord's failure to respond to her complaints regarding noxious odors permeating her apartment, she paid her portion of December's rent to the United States Department

of Housing and Urban Development. After a trial, judgment for possession was entered for landlord and damages were awarded in the amount of $320. Fleetwood appealed to the Superior Court. In June 1997, during the pendency of that appeal, Fleetwood's attorney notified landlord's counsel that Fleetwood had not received her SSI check for June and therefore would be unable to pay her June rent on time. Landlord thereupon moved to dismiss the appeal pursuant to G.L.1956 §§ 34–18–52 and 34–18–53. Fleetwood objected to the motion to dismiss and, upon receiving her SSI check, paid June's rent the following day.[1]

Concluding that Fleetwood had failed to pay June's rent on time and reasoning that dismissal of the appeal was mandated pursuant to the statute, the trial justice determined that he had no discretion and thus granted landlord's motion to dismiss Fleetwood's appeal. Fleetwood filed a timely notice of appeal in this Court, and we granted her request to continue a stay of execution pending appeal.

Although Fleetwood raises numerous issues on appeal, the principal issue is whether the trial justice erred in dismissing her appeal for a one-time late payment due to circumstances beyond her control. Fleetwood argues that a trial justice has the authority to apply equitable principles in considering the reasons for a tenant's failure to pay timely rent during the pendency of an appeal. Fleetwood suggests that the prior opinions of this Court upholding the dismissal of an appeal for nonpayment of rent often concerned "commercial tenants" who were financially able to pay rent when due but who nonetheless failed or refused to do so. In support of her argument Fleetwood relies upon *Chalet Nominee Trust v. Ryan*, 672 A.2d 464 (R.I.1996); *Brooks v. Hill*, 667 A.2d 1262 (R.I.1995); and *Tortolani v. Staradumsky*, 570 A.2d 671 (R.I.1990). We conclude that Fleetwood's reliance on these cases is misplaced.

Although Fleetwood is correct in stating that this Court has never addressed the issue of whether a trial justice has the discretion to inquire into the reasons for nonpayment of rent during the pendency of an appeal, and thus argues that the trial justice may balance the equities in favor of a tenant who is determined to be truly unable to pay as opposed to a tenant who merely fails to pay for any other reason, Fleetwood fails to direct us to any case law supporting her position. Section 34–18–53 provides as follows:

"**Dismissal of appeal for nonpayment of rent during pendency of appeals.**—In the event that the tenant fails or refuses to pay all sums promptly when due, in accordance with the provisions of § 34–18–52, the court in which the case is pending, shall, without any trial on the merits, on the motion of the landlord, and after hearing thereon, including satisfactory proof of such nonpayment, enter an order for the entry of judgment and the issuance of the execution and the prompt service of that execution."

This section clearly provides for the dismissal of an appeal upon a showing by the landlord of nonpayment of rent. It is mandatory and contains no provisions for the exercise of discretion concerning the circumstances of nonpayment, no matter how compelling the circumstances may be. We decline Fleetwood's suggestion to carve out an exception for persons who are financially unable to pay rent pending appeal. Although we sympathize with Fleetwood and any other tenant who is simply unable to pay rent, we decline to fashion a rule designed to give relief only to those living on fixed incomes. We recognize that there are many unfortunate tenants in our state who for any number of equally worthwhile reasons are simply unable to pay rent on time during the pendency of an appeal taken pursuant to the provisions of § 34–18–47.

We also recognize that prior to 1970, a landlord enjoyed the statutory right, upon nonpayment of rent for a period of fifteen days, to reenter the premises and take possession without even having made a prior demand for payment of rent. *See Latina v.*

1. Fleetwood also filed a motion to dismiss this action based upon her claim that the court lacked jurisdiction to hear this matter since the landlord had allegedly sent the five-day demand notice prematurely. It is unnecessary for us to address this issue.

*Burdick,* 113 R.I. 323, 325–26, 320 A.2d 601, 603 (1974). In 1970 the General Assembly amended chapter 18 of title 34 and specifically prohibited a landlord from resorting to self-help procedures. 113 R.I. at 326, 320 A.2d at 603. The amended version replaced the self-help provision with an orderly and expeditious procedure for recovering possession of property from tenants who are in violation of the rental agreement or who are holdover tenants. *Id.* This amended section "strikes an equitable balance between a landlord's right to regain possession as quickly as possible when a tenant is in arrears of his rent and a tenant's right to remain in possession while he is paying his rent when due." *Id.*

Thus the General Assembly afforded landlords the right to demand rent during an appeal period while no longer entitling landlords to resort to self-help or other unscrupulous practices. Specifically, § 34–18–44 prohibits a landlord from recovering or taking possession of a dwelling unit through self-help recovery whereas § 34–18–46 prohibits a landlord from retaliating against a tenant for the tenant's decision to exercise his or her rights. Despite these provisions protecting tenants, however, chapter 18 also protects the landlord's right to demand rent when it is due. Actions for eviction that are due to nonpayment of rent are strictly regulated by statute, *see* § 34–18–35, and although designed to be efficient and expeditious, the statute nonetheless imposes a significant burden upon a landlord who must wait for an order granting him or her the right to possession of the dwelling. The simple fact is that the only requirement for the tenant to maintain the appeal is to "pay all sums promptly when due." This, Fleetwood concedes, she was unable to do.

Therefore, we respectfully decline to interfere in this legislatively created eviction proceeding. Landlords who wish to evict a tenant must first institute a trespass and ejectment action in the District Court. This is not a simple or inexpensive procedure, and it can involve extended periods and the expenditure of significant sums of money. Landlords who obey the law and perform the obligations imposed upon them by this statute are entitled to the benefits that it provides. We are satisfied that the General Assembly did not intend to limit those benefits in cases in which the tenant is unable to carry out his or her responsibilities through no fault of his or her own. We have also examined Fleetwood's remaining issues and consider them to be meritless; thus we do not deem discussion on these points necessary.

Accordingly we deny and dismiss the defendant's appeal. The judgment entered in the Superior Court is hereby affirmed. The papers in the case may be remanded to the Superior Court.