**John Paul BERNIER**

v.

**Andrew LOMBARDI.**

**No. 2000–113–Appeal.**

Supreme Court of Rhode Island.

March 27, 2002.

Sean McAteer, for Plaintiff.

Muriel A. Lanfredi, for Defendant.

Present: WILLIAMS, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This is a landlord-tenant dispute in which the plaintiff, John Paul Bernier (tenant), has appealed the Superior Court's denial of his motion for a new trial and its entry of judgment in favor of the defendant, Andrew Lombardi (landlord). A single justice of this Court directed both parties to show cause why the issues raised by this appeal should not be summarily decided. Because they have not done so, we decide the appeal at this time.

This case originated in the District Court, where the tenant filed a verified complaint claiming that the landlord had attempted a self-help eviction. The tenant leased a portion of the landlord's premises in Cranston. No written rental or lease agreement existed. The tenancy commenced on March 1, 1999, and terminated on August 31, 1999. The tenant resided on the first floor of the building, and his rent was $300 per month. On August 6, 1999, the tenant filed a verified complaint seeking a temporary restraining order, alleging that the landlord had engaged in a self-help eviction by (a) changing the locks,

thereby barring the tenant's access to the leased premises; (b) terminating electricity; and (c) terminating gas. The District Court issued a preliminary injunction against the landlord, who thereafter served a five-day demand letter on the tenant and terminated the tenancy. The District Court entered a judgment awarding the tenant $1,240, which the landlord then appealed to the Superior Court for a trial *de novo*.

In Superior Court, after a nonjury trial, a judgment entered in favor of the landlord. The tenant then filed a motion for a new trial, asserting that the trial justice had exceeded her authority in reviewing the propriety of the injunctive relief granted in District Court. The tenant also asserted that the trial justice's findings were erroneous. After the trial justice denied this motion, the tenant filed this appeal.

On appeal, the tenant alleges that the trial justice erred in denying his motion for a new trial. He asserts that the trial justice misconceived the issue before her and improperly revisited the earlier decision of the District Court. The tenant also argues that the trial justice's findings are not supported by the evidence. He contends that the court's conclusion that the landlord could not be responsible for the electricity shutoff contradicts "common sense and logic in that electric power can be shut off by anyone without the necessity of any [confirming] records * * *." Furthermore, the tenant argues, the trial justice's findings that the eviction was not retaliatory were contrary to the evidence.

Pursuant to Rule 59(a)(2) of the Superior Court Rules of Civil Procedure, a motion for a new trial may be granted "in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of this state." In its interpretation of this rule, this Court has held that a trial justice sitting without a jury may grant a new trial only, "(1) if there is an error in the judgment that is manifest on the face of the record without further examination of matters of fact or evidence; or (2) if the trial justice is satisfied that newly discovered evidence has come forward which was not available at the first trial and is of sufficient importance to warrant a new trial." *Anthony v. Searle*, 681 A.2d 892, 898–99 (R.I.1996) (quoting *Tillson v. Feingold*, 490 A.2d 64, 66 (R.I.1985)). We have also stated that a "manifest error of law in a judgment would be one that is apparent, blatant, conspicuous, clearly evident, and easily discernible from a reading of the judgment document itself." *American Federation of Teachers Local 2012 v. Rhode Island Board of Regents for Education*, 477 A.2d 104, 106 (R.I.1984). If the error is not obvious, however, then it is not manifest error. *Id.*

Here, the tenant's suggestion that the trial justice committed an error of law by revisiting the earlier District Court decision is not well grounded in the law. Pursuant to G.L.1956 § 9–12–10.1, an appeal to the Superior Court in landlord-tenant actions proceeds on a *de novo* basis. Indeed, the mere filing of the appeal vacates the District Court's judgment. *See Harris v. Turchetta*, 622 A.2d 487, 490 (R.I.1993) (holding that "when a judgment entered in the District Court has been appealed by an aggrieved party, the judgment is vacated * * *"). Thus, all questions of law and fact are reviewable by the Superior Court on an appeal from a District Court judgment. Here, the trial justice noted that the issue of injunctive relief was moot at the time she decided the case because the plaintiff had vacated the apartment by that date. Based upon her review of the evidence and her assessment of the witnesses, the trial justice determined that the tenant's claim for damages

lacked merit and she also concluded that sufficient evidence existed to support a judgment for the landlord. Our review of the trial justice's work product is deferential: "the findings of fact of a trial justice, sitting without a jury, will be given great weight and will not be disturbed absent a showing that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong." *Technology Investors v. Town of Westerly*, 689 A.2d 1060, 1062 (R.I.1997) (citing *Rego Displays, Inc. v. Fournier*, 119 R.I. 469, 472–73, 379 A.2d 1098, 1100–01 (1977)). We can discern no error on the face of the judgment or in the court's findings. Therefore, we conclude, the trial justice did not err in denying the tenant's motion for a new trial.

Accordingly, we deny the plaintiff's appeal and affirm the Superior Court's judgment.