DECISION
Before the Court is the appeal of Hanna Abdalla (Defendant) from a District Court decision awarding William Spano (Plaintiff) $1,200 in damages for Defendant's wrongful self-help eviction of Plaintiff. Defendant timely filed an appeal with the Superior Court. Jurisdiction is pursuant to G.L. 1956 § 9-12-10.1.
 FACTS AND TRAVEL
On April 26, 2001, Plaintiff arrived at the North Providence apartment which he rented from Defendant, the owner of the residence, to find his personal belongings on the sidewalk and the locks changed. Defendant's husband, Khaled Handy, admitted to having moved the items, claiming that he believed Plaintiff had moved out. Thereafter, Plaintiff obtained an injunction against Defendant for the right to re-enter the apartment. On May 3, 2001, upon an attempt to execute the injunction, Plaintiff learned that Defendant had rented the apartment to a new tenant, and therefore, Defendant denied Plaintiff access to the residence.
Plaintiff filed suit against Defendant in District Court. The District Court found in favor of Plaintiff, holding that Defendant improperly had engaged in self-help by changing the locks and removing from the apartment Plaintiff's personal property. On May 9, 2001, the District Court ordered Defendant to pay to Plaintiff $1,200 in damages. This timely appeal followed.
 STANDARD OF REVIEW
Upon a District Court ruling, § 9-12-10.1 of the Rhode Island General Laws permits the aggrieved party in a landlord-tenant action to appeal to the Superior Court for a "trial on all questions of law and fact." See Gen. Laws § 9-12-10.1. Accordingly, the trial justice reviews all the questions of law and fact on a de novo basis. See Bernierv. Lombardi, 793 A.2d 201, 202 (R.I. 2002). Using his or her independent judgment, the Superior Court justice rules on the merits of the case. SeeFinney Outdoor Advertising Co., Inc. v. Cordeiro, 485 A.2d 910, 911 (R.I. 1984) (noting "the availability of a hearing de novo at the Superior Court level clearly grants an appellant the right to have the Superior Court justice use his independent judgment in ruling on the merits of the case").
 SELF-HELP EVICTIONS
Section 34-18-44 of the Rhode Island General Laws strictly forbids landlords from engaging in self-help evictions. See Gen. Laws §34-18-44.
 "A landlord may not recover or take possession of the dwelling unit by action or otherwise, including willful diminution of services to the tenant by interrupting or causing the interruption of heat, running water, hot water, electric, gas, or other essential service to the tenant, except in case of abandonment, surrender, or as permitted in this chapter." Id.
Should a landlord wrongfully evict a tenant through self-help, §34-18-34 provides remedies for the tenant. See Gen. Laws § 34-18-34. Thus, "[i]f a landlord unlawfully removes or excludes the tenant from the premises. . ., the tenant may recover possession or terminate the rental agreement." Id. Additionally, the tenant also may "recover an amount not more than three (3) months periodic rent or threefold the actual damages sustained by him or her, whichever is greater, and reasonable attorney's fees." Id. If the tenant elects to terminate the rental agreement, §34-18-34 also directs the landlord to "return all security recoverable under § 34-18-19 and all prepaid rent." Id.
In the present case, Defendant clearly engaged in prohibited self-help eviction of Plaintiff by changing the locks of Plaintiff's rented apartment and removing Plaintiff's personal belongings from the apartment and placing them onto the street. This Court finds the testimony of the police officers to be both credible and corroborative of Plaintiff's account of the events which transpired and led to this action. This Court further finds Defendant's contention that she believed Plaintiff had abandoned the premises to be unpersuasive.
Based on the evidence before it, this Court orders an award of $1,800 to Plaintiff, reflecting three months' periodic rent as permitted under § 34-18-34. Counsel shall submit the appropriate judgment for entry.