[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before the Court is the appeal of a judgment in a trespass and eviction action entered in District Court in favor of the defendant, John Clays ("Mr. Clays"). Plaintiff, Arthur Pacheco, ("Mr. Pacheco") timely filed an appeal with the Superior Court. Jurisdiction is pursuant to R.I. Gen. Laws § 34-18.1-9(b)(4).
 STANDARD OF REVIEW
Upon a District Court ruling, § 9-12-10.1 of the Rhode Island General Laws permits the aggrieved party to appeal to the Superior Court for a "trial on all questions of law and fact." R.I. Gen. Laws § 34-18.1-11(b)(4) clearly allows an appeal to the Superior Court from a commercial eviction decision by the District Court. Accordingly, the trial justice reviews all questions of law and fact on a de novo basis. See Bernier v.Lombardi, 793 A.2d 201, 202 (R.I. 2002).
 FINDINGS OF FACT
Mr. Pacheco, the owner of property at 1123 Boston Neck Road, Narragansett, Rhode Island, entered into a written agreement to lease the property to Jeffrey C. Siner. Paragraph 3 of the lease states:
 Commencing on May 1, 1998, lessee shall pay to lessor rent as follows:
 For the period . . . May 1, 2002 to/including April 1, 2003 $2,983.55 to be paid monthly in advance in installments as provided above) [sic] each commencing on May 1, 1998 and continuing on the 1st day of each month thereafter until and including April 1, 2003.
Paragraph 22 of the lease allows for extensions of the lease upon written notice, and sets a new rent amount as follows:
 Commencing on May 1, 2003 lessee shall pay to the lessor rent as follows:
 For the period May 1, 2003 to/including April 1, 2004 $3,087.98 . . . to be paid monthly on the first day of each month, in advance in installments as provided above.
Paragraph 9 of the lease indicated that the Lessee could assign or sub-let the lease at any time without the prior written consent of the landlord. The lease was assigned by Jeffrey C. Siner to John Clays, Patrick Clays, and Peter Clays by an assignment dated June 19, 1998. By an assignment dated November 14, 2000, Peter Clays assigned his interest to Patrick Clays and John Clays. By an assignment dated August 30, 2003, Patrick Clays assigned his interest to John Clays.
The Clays took possession of the property, and redeveloped it from a coffee house into a miniature golf facility. Significant repairs, approximated at $250,000.00, were done to the building, the parking area and the grounds. This was all done with the full knowledge of Mr. Pacheco, who was required to consent to any improvements pursuant to paragraph 5 of the written lease. Mr. Pacheco acknowledged giving oral permission to Mr. Clays and dealing with Mr. Clays extensively in regard to these improvements. The lease expired on its terms on October 30, 2003. The lease contained three separate extensions for five years each, at the option of the tenant. In accordance with paragraph 22 of the lease, if the tenant gave notice between September 1, 2002 and January 31, 2003, it could extend the lease from May, 2003 to April 30, 2008 according to a previously agreed-upon rent schedule.
In the spring of 2003, Mr. Clays obtained an offer for the sale of the miniature golf course to a third person. After a review of the title records, a written extension of the lease was requested to confirm Mr. Clays' continued leasehold interest. On April 29, 2003, Mr. Clays wrote to Mr. Pacheco asking for permission to extend the lease from May, 2003 to April 30, 2008.
This appears to have set off a variety of events wherein the landlord requested that Mr. Clays be held personally liable for the obligations under the lease, and the tenant became tardy with payments. Mr. Clays testified that he had a verbal agreement to extend the lease for an additional five years with Mr. Pacheco. However, pursuant to the express terms of the lease, the assignment must be "upon written notice by lessee" before January 31, 2003. Mr. Clays did not produce any evidence of any such written notice, nor did he contend that there was one.
On December 3, 2003, Mr. Pacheco filed an eviction action in the Fourth Division District Court against Jeffrey Siner, John Clays, Patrick Clays and Peter Clays. The complaint that the tenants breached the lease. John Clays not only answered but counterclaimed against Mr. Pacheco alleging damages and a continued right to possession. On March 15, 2004 the District Court held that the lease was still in effect as neither side has strictly followed the terms of the lease provisions. On March 17, 2004, judgment entered in favor of Mr. Clays for possession, the District Court specifically finding that the lease was in full force and effect.
At the Superior Court trial only two witnesses testified. Mr. Pacheco, the landlord, testified concerning the existence of the lease, his relationship with the Clays, and the like. He never sent notice of a termination of the lease, and admitted that he was still accepting rent payments. Mr. Clays, the tenant, testified concerning his history of improvements to the property. He also testified that he has paid the rent as it was due since May, 2003, and he is presently current on the rent. During cross examination, Mr. Clays acknowledged that on some occasions the rent had been several days late, but his testimony was vague.
 ANALYSIS
It is important to note how this case comes to the Court. This case was initiated as a seven day trespass and ejectment case in the Rhode Island District Court. A special seven day trespass and ejectment summons was used. This summons is specifically designated for commercial delinquency in rent proceedings pursuant to R.I. Gen. Laws § 34-18.1-9. This is a specific statutory vehicle for evictions. This is not the route to seek a declaratory judgment or anything else other than delinquency in rent.[1]
It is the burden of Mr. Pacheco, as the plaintiff and landlord to establish by a preponderance of the evidence that the rent is "due and in arrears for a period of fifteen days", at or about the time that the complaint for eviction is filed. R.I. Gen. Laws § 34-18.1-9. There being only two witnesses, Mr. Pacheco did not satisfy his burden of proof. While Mr. Pacheco seemed frank, he did not have a vivid recollection of when the rent payments were late, nor was there sufficient evidence to establish that the rent was in arrears at the time of the filing of the complaint, or at the time of trial.
Mr. Clays' testimony was very credible, clear and comprehensive. He testified not only that he continued to pay the rent timely, but that the rent payments were at the increased amount (provided for under paragraph 22 of the lease, pursuant to a lease extension), implying that the new lease had been accepted.
Surprisingly, neither side introduced documentary evidence to confirm that the rent payments were in arrears, or not in arrears.[2]
 CONCLUSION
Accordingly, plaintiff's appeal is denied as Mr. Pacheco failed to establish that a portion of the rent was due, or in arrears for a period of fifteen days or more as required under R.I. Gen. Laws § 34-18.1-9(b).
At trial, the parties seemed to argue that this Court should render declaratory relief to ascertain whether or not the extension of lease is in effect. However, that is beyond the relief which is prayed for in the appeal (and which other defendants have now submitted to judgment on).
This is a District Court case and the complaint was drafted pursuant to the provisions of R.I. Gen. Laws § 34-18.1-9. While the Court may have the power to construe contracts pursuant to the Uniform Declaratory Judgments Act, R.I. Gen. Laws § 9-30-2, the Court has discretion in affording such a judgment pursuant to R.I. Gen. Laws § 9-30-6. As such relief is not the proper subject of this District Court appeal, this Court does not reach this issue at this time.
For all of the foregoing reasons, judgment shall enter for Defendant.
Counsel shall prepare an appropriate order for entry.
[1] The court notes, without deciding the issue, that Mr. Clay alleges that his leasehold interest should continue. Although he apparently has not given written notice of his election to extend the lease, Mr. Clay made rent payment for the higher amount, as indicated in paragraph 22.
[2] It appears to the court that cancelled checks, deposit receipts, invoices, rent receipts, ledgers or other documents would have been available. They were not referenced at trial.