Mark WATSON

v.

Arriona QUICK.[1]

2014–153–Appeal.

Supreme Court of Rhode Island.

Jan. 14, 2015.

1. The record contains several variations of the spelling of defendant's first name. At the

Mark Watson, Pro Se.

Arriona Quick, Pro Se.

## ORDER

The plaintiff-landlord, Mark Watson, appeals from a judgment of the Providence County Superior Court entered after a trial before a justice, sitting without the benefit of a jury, who found that the defendant-tenant, Arriona Quick, was not in arrears for past rent due and, consequently, was not ordered to vacate the premises at 52 Whittier Avenue, Providence (the property). The case was heard by the Superior Court on the plaintiff's *de novo* appeal from the Sixth Division District Court, which had also found for the defendant. On December 10, 2014, this case came before the Supreme Court pursuant to an order directing the parties to show cause why the issues in this appeal should not summarily be decided.[2] After considering the written submissions of the parties and reviewing the materials from the court below, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further

briefing or argument. For the reasons set forth in this order, we affirm the judgment of the Superior Court.

The plaintiff maintains that he is the owner and landlord of the property. The defendant is a tenant at the property and resides on the second floor. On March 26, 2014, plaintiff commenced a trespass and ejectment action in the District Court against defendant, seeking to evict her for nonpayment of rent.[3] The plaintiff alleged that, as of March 15, 2014, defendant was in arrears in the amount of $3,100. The plaintiff indicated that he had served a five-day demand notice upon defendant as required by law and that he had mailed a copy to defendant on March 20, 2014.[4] On April 4, 2014, plaintiff's eviction action was tried in the District Court. After trial, judgment was entered for defendant. The plaintiff appealed that decision to the Superior Court pursuant to G.L.1956 § 9–12–10.1.[5]

On April 25, 2014, the Superior Court conducted a trial *de novo*. At the outset of the trial, plaintiff argued that defendant had not paid rent for the month of April 2014, and, as a result, he moved to dismiss the action pursuant to G.L.1956 § 34–18–

trial in the Superior Court, defendant spelled her name as Arriona; therefore, we will use that spelling.

2. Neither party appeared when the case was called for oral argument. As a result, we have decided the case based upon the record and the written argument that was submitted.

3. Throughout the entire proceedings, neither party was represented by an attorney.

4. In the Superior Court action that followed the District Court trial, plaintiff was unable to prove that this notice was actually sent to

defendant because, when prompted by the trial justice, he could not produce a certified-mail receipt.

5. General Laws 1956 § 9–12–10.1 provides in pertinent part:

"In any civil action pursuant to chapter 18 of title 34, in the [D]istrict [C]ourt or other appropriate court, any party may cause the case to be removed for trial on all questions of law and fact to the [S]uperior [C]ourt for the county in which division the suit is pending, by claiming an appeal from the judgment of the [D]istrict or other appropriate court * * *."

53[6] for nonpayment of rent during the pendency of the appeal. The trial justice noted that § 34–18–53 requires the tenant to pay rent while the case is on appeal, but reserved judgment on plaintiff's motion to dismiss and heard direct testimony from the parties.

It is no surprise that the material facts, as testified to by the parties, were in dispute. In addition to the unpaid rent for April 2014, plaintiff testified that defendant owed him $700 per month in unpaid rent for the months of June, July, and August 2013, as well as $300 for December 2013, and court costs of $150, for a total amount of $3,250. When asked by the trial justice for a ledger that might evidence defendant's record of payments and nonpayments, plaintiff produced a piece of paper that he contended demonstrated that rent was unpaid. However, plaintiff was unable to provide a record of payments that had been made by defendant, or receipts that had been furnished to defendant after payment was tendered. Additionally, plaintiff was unable to produce a deed, or any other instrument, evidencing his ownership of the property. The plaintiff also testified that, despite numerous attempts, defendant refused to let him enter the premises so that he could apply extermination chemicals to combat the pest infestation about which defendant had complained.

The defendant provided a markedly different rendition of the facts. On direct examination, defendant acknowledged that she withheld her rent in March 2014 because of the ongoing pest infestation in her apartment. The defendant testified that she was waiting for plaintiff to hire a professional exterminator before she paid rent for April 2014.[7] The defendant averred that she had, in fact, paid rent for June, July, August, and December of 2013, notwithstanding plaintiff's claims. She said that she often paid cash directly to plaintiff's nephew, without receiving a receipt for her remittance. Further, in addition to the pest infestation, defendant testified that the apartment had several other building code violations that were discovered by the municipal Department of Inspection and Standards' Division of Code Enforcement. She claimed that these violations caused a hazard to her and her family.[8]

After hearing the parties' testimony, the trial justice ruled in favor of defendant, finding that plaintiff had failed to meet his burden of proof with respect to his rights of possession and back rent. The court found that plaintiff provided no deed or record proving that the property was in

6. General Laws 1956 § 34–18–53 provides:

"In the event that the tenant fails or refuses to pay all sums promptly when due, in accordance with the provisions of § 34–18–52, the court in which the case is pending, shall, without any trial on the merits, on motion of the landlord, and after hearing thereon, including satisfactory proof of such nonpayment, enter an order for the entry of judgment and the issuance of the execution and the prompt service thereof, and from that order there shall be no appeal. The papers shall be forthwith returned to the [D]istrict [C]ourt which shall upon payment of the required fee, issue an execution without further delay."

7. The defendant also explained that she was ordered to pay plaintiff rent for March 2014 at trial in District Court, but was then informed by the judge of the District Court to withhold rent for April 2014 until plaintiff hired a professional exterminator to take care of the infestation in her apartment.

8. The defendant explained that the apartment had no bedroom doors, the ceiling in her kitchen had caved in, and her furniture had been ruined by mice. Further, defendant testified that Family First Connections, which had been assisting defendant's autistic child, was no longer able to provide assistance due to the pest infestation in the apartment.

his name. Further, except for a "self-serving" document that the trial justice found to be an attempt to backdate, plaintiff did not provide sufficient records or receipts of payments that had been made, or not made, by defendant. The trial justice found that defendant was a credible witness, but that the credibility of plaintiff was lacking. The trial justice accepted the testimony of defendant that she often paid the rent in cash to plaintiff's nephew, and therefore, based on an agency relationship between plaintiff and his nephew, defendant had met her obligation to pay her rent and was not in arrears for the months in question. The court then found that plaintiff's attempt to evict defendant was an illegal retaliatory eviction in response to defendant's complaints to the Division of Code Enforcement and that remedying a code violation such as the pest infestation was plaintiff's responsibility, but a professional, not the plaintiff himself, should perform it.[9] Based on these findings, the trial justice entered judgment, denying and dismissing plaintiff's complaint. The plaintiff filed a timely notice of appeal to this Court.

On appeal, plaintiff argues that the judgment of the Superior Court should be vacated and that judgment should be entered in his favor, pursuant to § 34–18–53, because defendant had not paid rent during the pendency of plaintiff's appeal to the Superior Court. In addition, plaintiff contends that defendant has failed to pay rent while the case has been pending before this Court; therefore, he argues, judgment should be entered in his favor.

In our opinion, the plaintiff completely misconstrues the statute. Clearly, the statute, as well as our case law that has interpreted the statute, anticipates an appeal lodged by a tenant.[10] Construing the statute as the plaintiff argues would achieve the ludicrous result of dismissal of his appeal because the defendant-tenant has not continued to pay rent during the pendency of the appeal. After all, it is the plaintiff-landlord and not the defendant-tenant who has appealed. Moreover, pursuant to § 34–18–53, the burden was on the plaintiff to provide satisfactory proof of the defendant's nonpayment. *See Russo v. Fleetwood*, 713 A.2d 775, 776 (R.I.1998) (discussing the statute). The trial justice made a finding that the defendant had paid her rent and that she was not in arrears, and, as a result, he declined to enter judgment in the plaintiff's favor. Bearing in mind the great weight we give to the findings of fact of the trial justice, sitting without the benefit of a jury, we conclude that the dismissal of the plaintiff's complaint was proper. *See Bernier v. Lombardi*, 793 A.2d 201, 203 (R.I.2002) (citing *Technology Investors v. Town of Westerly*, 689 A.2d 1060, 1062 (R.I.1997)). The plaintiff failed to provide adequate proof of the defendant's nonpayment, and, when

9. Section 34–18–46(a)(1) prohibits a landlord from bringing or threatening to bring an action for possession because, *inter alia*, "[t]he tenant has complained to a governmental agency charged with responsibility for enforcement of a building or housing code of a violation applicable to the premises materially affecting health and safety[.]"

10. *See Russo v. Fleetwood*, 713 A.2d 775, 776 (R.I.1998) (holding that § 34–18–53 provides for the mandatory dismissal of an appeal upon a showing by the landlord of the ten-

ant's nonpayment of rent); *Brooks v. Hill*, 667 A.2d 1262, 1263 (R.I.1995) (mem.) (holding that § 34–18–53 mandates dismissal of an appeal upon a showing by the landlord of tenant's nonpayment of rent); *Tortolani v. Staradumsky*, 570 A.2d 671, 672 (R.I.1990) (affirming the Superior Court's dismissal of tenant's appeal pursuant to § 34–18–53 based on the trial justice's finding of fact that the tenant had not paid the sum required on the date his rent would ordinarily have been payable).

prompted by the trial justice for a record or ledger, he could only provide what the court termed a "self-serving" document. No other record of payments was provided. The trial justice found the defendant to be a credible witness, while simultaneously finding that the plaintiff lacked credibility, and we note, "the trial justice is in a better position than this Court to assess the testimony of the witnesses and determine credibility * * *." *Carrozza v. Voccola*, 90 A.3d 142, 169 (R.I.2014). Further, we see no error in the trial justice's finding that the plaintiff's actions constituted a retaliatory eviction, given the deplorable conditions of the defendant's apartment and her decision to complain to the Division of Code Enforcement shortly before this action was commenced. In our opinion, the trial justice did not overlook or misconceive material evidence or misapply the law, and we therefore will not disturb the judgment that was entered.

For the foregoing reasons, we affirm the judgment of the Superior Court, to which the papers in the case may be remanded.