Supreme Court
No. 2019-6-Appeal

Tara Mae Naughton            :

v.                           :

Billy Guilloteau et al.      :

# O R D E R

The tenant, Tara Mae Naughton (tenant), appeals *pro se* from a Providence County Superior Court judgment in favor of the landlords, Billy and Rodolphe Guilloteau (landlords), for rent owed in the amount of $2,033 and for possession.  This case came before the Supreme Court for oral argument on November 6, 2019, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  Tenant did not appear, the notice of oral argument mailed to her was returned as undeliverable, and she did not provide the Court with a forwarding address.  Accordingly, with assent from counsel for landlords, we shall decide this case on the basis of the memoranda submitted by the parties.

We begin by briefly summarizing the facts, over which there is relatively little dispute. At some point in 2018, tenant viewed an apartment owned by landlords and agreed to rent the apartment for $1,000 per month. Tenant thereafter paid landlords $2,000 for a deposit and one month's payment of rent on July 23, 2018, and moved into the apartment on the next day. Thereafter, tenant stopped making payments because, she said, she was dissatisfied with the condition of the apartment.  On October 25, 2018, landlords served tenant with a five-day demand notice for nonpayment of rent.  After receiving no payments from tenant in response to the five-day demand notice, landlords filed a complaint on November 1, 2018, in the Sixth

Division District Court for eviction for nonpayment of rent, alleging that tenant owed $2,000 in back rent for the apartment. After an eviction hearing on November 13, 2018, the hearing judge entered judgment for landlords for possession and directed tenant to pay $1,250 in damages and $145.75 in costs.

Tenant filed a timely notice of appeal to the Superior Court on November 19, 2018. A hearing on that appeal was held in Superior Court on November 30, 2018, with both parties appearing *pro se*. The trial justice dismissed the appeal on the merits and entered judgment for landlords in the amount of $2,033 and for possession. Tenant filed a timely notice of appeal to this Court on December 3, 2018.

On appeal, tenant asserts that the Superior Court justice erred in dismissing her appeal. She lists maintenance and repair defects that she alleges existed in the apartment, and she asks this Court to vacate the Superior Court judgment.

"Pursuant to G.L. 1956 § 9-12-10.1, an appeal to the Superior Court in landlord-tenant actions proceeds on a *de novo* basis." *Bernier v. Lombardi*, 793 A.2d 201, 202 (R.I. 2002). Because a "mere filing of the appeal vacates the District Court's judgment * * * all questions of law and fact are reviewable by the Superior Court[.]" *Id.* This Court's "review of the trial justice's work product is deferential: 'the findings of fact of a trial justice, sitting without a jury, will be given great weight and will not be disturbed absent a showing that the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong.'" *Id.* at 203 (quoting *Technology Investors v. Town of Westerly*, 689 A.2d 1060, 1062 (R.I. 1997)).

After reviewing the record and the transcript, we decline to consider the merits of tenant's claim because she has failed to make her rent payments while the appeal is pending, in accordance with G.L. 1956 §§ 34-18-52 and 34-18-53. Section 34-18-52 directs that:

> "Whenever an action for the recovery of real property is pending on appeal in the superior or supreme court, the tenant in the action shall pay to the landlord sums of money equal to the rent for the premises, which * * * sums shall be paid at such times and in such amounts as rent would be due and payable were the action not then pending."

In the event that the tenant fails to pay such sums pursuant to § 34-18-52, § 34-18-53 "provides for the dismissal of an appeal upon a showing by the landlord of nonpayment of rent." *Brooks v. Hill*, 667 A.2d 1262, 1263 (R.I. 1995) (mem.). Here, it is undisputed that tenant has failed to pay rent to landlords as ordered by the Superior Court and continues to fail to pay rent. Additionally, tenant has not argued that landlords failed to follow the proper eviction procedures required by § 34-18-35. We have said that "[l]andlords who obey the law and perform the obligations imposed upon them by this statute are entitled to the benefits that it provides." *Russo v. Fleetwood*, 713 A.2d 775, 777 (R.I. 1998) (mem.). As such, because tenant failed to pay her rent during the pendency of this appeal, in accordance with § 34-18-52, we conclude that the trial justice's dismissal of tenant's appeal was proper.

For the reasons set forth herein, we affirm the judgment of the Superior Court. The record may be remanded to that tribunal.

Entered as an Order of this Court this 21 day of November, 2019.

By Order,

_____/s/_____

Clerk

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | Tara Mae Naughton v. Billy Guilloteau et al. | |
| **Case Number** | No. 2019-6-Appeal. <br> (PD 18-8373) | |
| **Date Order Filed** | November 21, 2019 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Melissa A. Long | |
| **Attorney(s) on Appeal** | For Plaintiff: <br><br> Tara Naughton, Pro Se | |
| | For Defendant: <br><br> Peter J. Hopkins, Esq. | |

SU-CMS-02B (revised November 2016)